IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC., <br><br> Plaintiff, <br> v. <br><br> TEVA PHARMACEUTICALS USA, INC. <br><br> Defendant. | C.A. No. 04-939 (JJF) <br><br> **REDACTED VERSION** <br> **PUBLIC DOCUMENT** |

**MERCK &CO., INC.'S RESPONSE TO TEVA PHARMACEUTICALS USA, INC.'S MEMORANDUM IN SUPPORT OF CONSOLIDATION**

OF COUNSEL:

John F. Lynch
Nicolas G. Barzoukas
Suzy S. Harbison
Jason C. Abair
HOWREY SIMON ARNOLD & WHITE, LLP
750 Bering Drive
Houston, TX 77057-2198
Tel. (713) 787-1400

Paul D. Matukaitis
MERCK & CO., INC.
One Merck Drive
Whitehouse Station, NJ 08889-0100
Tel. (908) 423-3761

Edward W. Murray
Gerard Devlin
MERCK & CO., INC.
126 E. Lincoln Avenue RY28-320
Rahway, NJ 07065-0907
Tel: (732) 594-4000

Dated: March 15, 2005

MORRIS, NICHOLS, ARSHT & TUNNELL
Mary B. Graham (#2256)
James W. Parrett (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel. (302) 658-9200

*Attorneys for Plaintiff Merck & Co., Inc*

## INTRODUCTION

Plaintiff Merck & Co., Inc. ("Merck") submits this memorandum pursuant to this Court's March 3, 2005 Order and in response to Teva Pharmaceuticals USA, Inc.'s ("Teva") Memorandum In Support of Consolidation of this case with the separately pending litigation between Teva and Procter & Gamble Co. ("P&G") (Procter & Gamble Co. v. Teva Pharmaceuticals USA, Inc., Civil Action No. 04-940 (JJF)). Merck opposes this consolidation, which will impose a burden and unnecessary costs on Merck, without providing any significant benefit to the parties or the Court.

## THE ADVANTAGES OF CONSOLIDATION MUST BE WEIGHED AGAINST THE DISADVANTAGES

Teva's request is based on the fact that the two cases result from Teva's filing of its Abbreviated New Drug Application ("ANDA") for approval to market a generic version of a P&G product, Actonel®. While Teva asserts that the "two cases involve common issues of law and fact," the issues in the two cases that will actually be litigated, however, are not likely to overlap to any significant extent. Moreover, mere commonality of certain issues is not reason enough for consolidation of cases. *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991); *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F. Supp. 1298, 1309 (D. Del. 1981). Rather, the decision to consolidate cases turns on a careful consideration of efficiency, expense and fairness. *See Syngenta Seeds, Inc., v. Monsanto Company et al.*, 2004 WL 2002208 at *1 (D. Del.), *citing United States v. Dentsply Int'l, Inc.*, 190 F.R.D. 140, 142-43 (D. Del. 1999) (attached as Exhibit A).

The proper administration of justice requires that issues be resolved without unnecessary cost or delay. *Waste Distillation Tech., Inc.*, 775 F. Supp. at 761. Consolidation is not appropriate where consolidation of the two cases would be more burdensome than beneficial, would bring increased expense to a party, or would potentially prejudice a party. The burdens associated with consolidation can outweigh the benefits even if the patents in each suit are members of the same patent family and virtually identical. *Syngenta Seeds, Inc.*, 2004 WL 2002208 at *1-2. The interests of efficiency, expense and fairness are not served by consolidation here.

## CONSOLIDATION WOULD BE INEFFICIENT, CAUSE INCREASED EXPENSE AND POTENTIALLY PREJUDICE PLAINTIFFS

Each case involves distinct parties and patents.[1] P&G's patent arose from the invention of a new compound and Merck's patents generally relate to the invention of a new dosing schedule for a class of compounds. As evidenced by Teva's "Detailed Statement Of The Factual And Legal Bases For Its Opinion That U.S. Patents Nos. 5,583,122, 5,994,329, 6,015,801, 6,096,342, and 6,165,513 Are Invalid, Unenforceable or Not Infringed By The Manufacture, Use or Sale of Teva's 5, 30, And 35 Mg. Risedronate Sodium Tablets" (attached as Exhibit B), even Teva recognizes that the patents at issue in each case stem from different inventions and will involve very different prior art. In connection with its invalidity defenses, which presumably will be a primary focus of Teva's defenses in the cases, Teva does not list one common piece of prior art in its

---

[1] P&G owns U.S. Patent 5,583,122, which claims compounds, pharmaceutical compositions, and methods of treatment for risedronate, a bisphosphonate that is the active ingredient in Actonel®. Merck owns, and has licensed to P&G, three patents that include claims related to the administration of bisphosphonates, including risedronate.

separate evaluation of Merck's and P&G's patents. Exhibit B, pp. 11-19. Further, Teva asserts different standards for defining one of ordinary skill in the art for the Merck patents versus the P&G patent, confirming that the analysis of the prior art and the patents will be different in each case, and suggesting that not even Teva expects the same experts to be called in the two cases. Exhibit B, pp. 14 and 17. Each patent may on the surface relate to risedronate, but Teva points to no other significant overlap between either the two inventions or the prior art relevant to each invention. Additionally, the two sets of patents have different inventors who were working within different organizations to solve very different problems. Merck should not be forced to participate in the litigation and discovery surrounding P&G's invention.

Consolidation of these cases will only complicate the proceedings and lead to increased costs for both Plaintiffs. If these cases are consolidated, Merck, in order fully to protect its interests, must become involved in otherwise separate discovery regarding P&G's patent. Merck will have no choice but to attend depositions and become involved in proceedings such as discovery disputes that would otherwise involve only Teva and P&G. A similar burden would fall upon P&G. The need for both Plaintiffs to attend every fact and expert deposition and motion hearing will amplify scheduling difficulties and lead to increased costs for all parties.

Any limited efficiency that may be realized through consolidation is outweighed by the increased burden to Plaintiffs and can be achieved through other means. The small amount of discovery that does overlap could perhaps be conducted concurrently, including having all three parties present at the depositions of the few, if any, Teva witnesses whose testimony may be required in both cases.

4.

## CONCLUSION

The interests of efficiency, expense and fairness are not served where consolidation of the two cases would be more burdensome than beneficial, would bring increased expense to both Plaintiffs, and would potentially prejudice both Plaintiffs. Therefore, Merck respectfully requests that the Court deny Teva's request to consolidate the two lawsuits.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ Mary B. Graham

Mary B. Graham (#2256)
James W. Parrett (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel. (302) 658-9200

*Attorneys for Plaintiff Merck & Co., Inc*

OF COUNSEL:
John F. Lynch
Nicolas G. Barzoukas
Suzy S. Harbison
Jason C. Abair
HOWREY SIMON ARNOLD & WHITE
750 Bering Drive
Houston, TX 77057-2198
Tel. (713) 787-1400

Paul D. Matukaitis
MERCK & CO., INC.
One Merck Drive
Whitehouse Station, NJ 08889-0100
Tel. (908) 423-3761

Edward W. Murray
Gerard Devlin
MERCK & CO., INC.
126 E. Lincoln Avenue RY28-320
Rahway, NJ 07065-0907
Tel: (732) 594-4000

Dated: March 15, 2005

455866

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2005, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> Josy Ingersoll, Esq.
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on March 15, 2005 upon the following individuals in the manner indicated:

### VIA HAND DELIVERY

> Josy Ingersoll, Esq.
> Young Conaway Stargatt & Taylor, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19801

### VIA FACSIMILE

> James Galbraith, Esq.
> Kenyon & Kenyon
> One Broadway
> New York, NY  10004

> /s/ Mary B. Graham
> Mary B. Graham (#2256)