IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC.,<br><br>　　　　Plaintiff,<br>　　v.<br><br>TEVA PHARMACEUTICALS USA, INC.<br><br>　　　　Defendant. | C.A. No. 04-939 (JJF) |

**MERCK & CO., INC.'S OPPOSITION TO TEVA
PHARMACEUTICALS USA, INC.'S REQUEST FOR
RECONSIDERATION OF THIS COURT'S ORDER DENYING CONSOLIDATION**

　　　　Plaintiff Merck & Co., Inc. ("Merck") submits this memorandum in opposition to Teva Pharmaceuticals USA, Inc.'s ("Teva") request (D.I. 19) that the Court reconsider its Order (D.I. 17) denying consolidation of this case with the separately pending litigation between Teva and Procter & Gamble Co. ("P&G"), Civil Action No. 04-940 (JJF). Teva simplifies this Court's Order as stating that the Court "recognized that the cases have 'some common issues,' but cited as a reason for denying the request the 'potential for confusion to a jury.'" (Teva Request, p. 2)(D.I. 19). Teva then asserts that reconsideration is justified on the grounds that the Court "relied on a factual assumption that is not correct" where no party has sought a jury (*Id.*). Although neither party has requested a jury, the facts remain that each case involves distinct parties and patents and that consolidation would impose additional burdens and unnecessary costs on both Merck and P&G, without providing significant benefit to the parties or to the Court.

　　　　The Court's Order clearly reflected the basis of the Court's consideration and decision in this matter. "[I]n reviewing the parties' submissions, the Court concludes that, although the cases have some common issues, *the advantages of consolidation are outweighed*

*by the disadvantages*, namely, the *differing factual and legal issues* and the potential for confusion to a jury." (D.I. 17, emphasis added). In other words, the Court applied the proper test to weigh the disadvantages and advantages of consolidation and correctly recognized, as was fully briefed in the parties' submissions, that the disadvantages of trying together two cases with substantially differing factual and legal issues outweighs any possible advantage from trying two cases together where few overlapping common issues may exist.

In particular, the parties' have already fully briefed the questions of efficiency, expense and fairness in view of the actual issues in the case. While Teva asserts in its request for reconsideration (Teva Request pp. 1-2) that "both cases involve the same Abbreviated New Drug Application, both involve the same approved and marketed drug, both are on the same pretrial schedule, and both involve the same technology," Teva made the same argument in its original memorandum and the Court properly rejected the small amount of suggested overlap in the cases as grounds for consolidation.

As set forth in Merck's original memorandum regarding consolidation (D.I 13, pp. 1-2), the issues in the two cases that will actually be litigated, notwithstanding Teva's broad-brush assertions, are not likely to overlap to any significant extent and mere commonality of some issues is not reason enough for consolidation of cases. *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.,* 775 F. Supp. 759, 761 (D. Del. 1991); *Rohm & Haas Co. v. Mobil Oil Corp.,* 525 F. Supp. 1298, 1309 (D. Del. 1981). In this instance, each case involves distinct parties, technologies and patents, and the patents in each case stem from different inventions made by different inventors who were working within different organizations to solve very different problems. (D.I. 13, p. 2). The two patents implicate very different prior art. Each patent may on the surface relate to risedronate, but Teva points to no other significant overlap between either

the two inventions or the prior art relevant to each invention. Even Teva asserts that different standards for defining one of ordinary skill in the art will apply, confirming that the analysis of the prior art and the patents will be different in each case and suggesting that not even Teva expects the same experts to be called in the two cases. (*Id*. at pp. 2-3)

Additionally, as pointed out in Merck's original memorandum in opposition to consolidation, there is no justification to require either Merck or P&G to have to participate in the expense and burden of litigation and discovery surrounding the other's inventions. Consolidation would impose an additional burden and unnecessary costs on both Merck and P&G, without providing any significant benefit to the parties or to the Court where the overlap of issues is minimal.

Because Teva's request for reconsideration would rehash material and theories already fully briefed and decided, Teva has failed to meet its heavy burden of establishing that reconsideration would be appropriate. *Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 *(D. Del. 1998)*(a request for reconsideration "should be denied where the proponent simply rehashes materials and theories already briefed, argued and decided."). Accordingly, the Court should deny Teva's request that the Court reconsider its denial of Teva's motion to consolidate the two lawsuits.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
James W. Parrett (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel. (302) 658-9200

*Attorneys for Plaintiff Merck & Co., Inc*

-4-

OF COUNSEL:

John F. Lynch
Nicolas G. Barzoukas
Suzy S. Harbison
Jason C. Abair
HOWREY SIMON ARNOLD & WHITE,
750 Bering Drive
Houston, TX 77057-2198
Tel. (713) 787-1400


Paul D. Matukaitis
MERCK & CO., INC.
One Merck Drive
Whitehouse Station, NJ  08889-0100
Tel. (908) 423-3761

Edward W. Murray
Gerard Devlin
MERCK & CO., INC.
126 E. Lincoln Avenue RY28-320
Rahway, NJ 07065-0907
Tel:  (732) 594-4000

Dated:  May 24, 2005
466533

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2005, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>Josy Ingersoll, Esquire
>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE  19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on May 24, 2005 upon the following individuals in the manner indicated:

**BY HAND**

Josy Ingersoll, Esquire
YOUNG CONAWAY STARGATT &
   TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

**BY FACSIMILE**

James Galbraith, Esquire
KENYON & KENYON
One Broadway
New York, NY  10004

*/s/ Mary B. Graham*