IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MERCK & CO., INC., | ) | |
| | ) | |
| Plaintifff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-939 (JJF) |
| | ) | |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF SUBPOENA**

PLEASE TAKE NOTICE that counsel for Teva Pharmaceuticals USA, Inc. has served the attached subpoena and service was accepted by counsel for Procter & Gamble.

_/s/ Karen E. Keller_
Josy W. Ingersoll (#1088)
Adam W. Poff (#3990)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6672

*Attorneys for defendant Teva Pharmaceuticals USA, Inc.*

OF COUNSEL
James Galbraith
Maria Luisa Palmese
A. Antony Pfeffer
KENYON & KENYON
One Broadway
New York, NY 10004
(212) 425-7200

Dated: August 18, 2005

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO

MERCK & CO., INC.,

    Plaintiff,

V.

TEVA PHARMACEUTICALS USA, INC.,
    Defendant.

SUBPOENA IN A CIVIL CASE

CASE NUMBER: C.A. No. 04-939-JJF
(Pending in the United States District Court for the District of Delaware)

TO: Custodian of Records
Procter & Gamble Co.
5201 Spring Grove Avenue
Cincinnati, OH 45217

YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

YOU ARE COMMANDED to appear at the date, place, and time specified below to testify at the taking of a deposition in the above case, on the subjects described in attachment A.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE ATTACHMENT A**

| PLACE | DATE AND TIME |
|---|---|
| Kenyon & Kenyon<br>One Broadway<br>New York, NY 10004<br>(or at such other place as the parties may agree) | September 10, 2005<br>10:00 AM |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] James Galbraith — Counsel for Defendant | August 18, 2005 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
James Galbraith
Kenyon & Kenyon
One Broadway
New York, NY 10004
Tel: (212) 425-7200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹ If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on _____
              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development or commercial information; or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## DOCUMENT REQUESTS

1. All documents dated before or that refer to events before September 2, 1999, and that refer or relate to once-weekly dosing of bisphosphonates for the treatment or prevention of osteoporosis.

2. All documents dated before or that refer to events before September 2, 1999, and that refer or relate to once-weekly dosing of risedronate for the treatment or prevention of osteoporosis.

3. All documents dated before or that refer to events before September 2, 1999, and that refer or relate to any consideration by or on behalf of P&G of offering risedronate in a once-weekly dose for the treatment or prevention of osteoporosis.

4. All documents that refer or relate to P&G's decision to offer risedronate in a once-weekly dose for the treatment or prevention of osteoporosis.

5. All documents that refer or relate to gastrointestinal side effects associated by anyone with risedronate.

6. All documents that refer or relate to esophageal side effects associated by anyone with risedronate.

7. All documents that refer or relate to any difference or possibility of a difference between the incidence or severity of side effects associated with once-daily administration of risedronate for the treatment or prevention of osteoporosis and the incidence or severity of side effects associated with once-weekly administration of risedronate.

8. All documents that refer or relate to U.S. Patents 5,994,329, 6,015,801, 6,225,294, 6,432,932 and 6,465,443 or any of them, or to any application that led to any of them.

9. All documents that refer or relate to any consideration or negotiation with respect to obtaining any rights under U.S. Patents 5,994,329, 6,015,801, 6,225,294, 6,432,932 and 6,465,443 or any of them, or to any application that led to them.

10. All documents that refer or relate to the validity or enforceability of U.S. Patents 5,994,329, 6,015,801, 6,225,294, 6,432,932 and 6,465,443 or any of them.

11. All documents that comprise, refer or relate to any communication between P&G or anyone on its behalf and Merck & Co. or anyone on its behalf with respect to risedronate.

12. All documents that comprise, refer or relate to any communications between P&G or anyone on its behalf and Merck & Co. or anyone on its behalf with respect to U.S. Patents 5,994,329, 6,015,801, 6,225,294, 6,432,932 and 6,465,443 or any of them.

**ATTACHMENT A**

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on August 18, 2005 to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Frederick L. Cottrell, III Esquire
>Richards Layton & Finger
>One Rodney Square
>Wilmington, DE 19801
>
>Mary B. Graham Esquire
>Morris Nichols Arsht & Tunnell
>1201 North Market Street
>Wilmington, DE 19801

I further certify that on August 18, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

>**BY FEDERAL EXPRESS**
>
>William F. Lee, Esquire
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA 02109

DB01:1593535.1

Nicholas G. Barzoukas, Esquire
Gerard M. Devlin, Jr., Esquire
Howrey
1111 Louisiana, 25th Floor
Houston, TX 77002-5242

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Karen E. Keller*

Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
kkeller@ycst.com

Attorneys for Teva Pharmaceuticals U.S.A., Inc.

DB01:1593535.1