IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MERCK & CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-939 (JJF) |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that on October 27, 2005, true and correct copies of the

attached SUBPOENA IN A CIVIL CASE were caused to be served upon the following in the

manner indicated:

**BY HAND:**

Procter & Gamble Co.
5201 Spring Grove Avenue
Cincinnati, OH  45217

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ James W. Parrett*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Plaintiff, Merck & Co., Inc.*

OF COUNSEL:

John F. Lynch
Nicolas G. Barzoukas
Suzy S. Harbison
Jason C. Abair
HOWREY LLP
1111 Louisiana, 25th floor
Houston, Texas 77002

Paul D. Matukaitis
MERCK & CO., INC.
One Merck Drive
Whitehouse Station, NJ 08889-0100

Edward W. Murray
Gerard M. Devlin, Jr.
MERCK & CO., INC.
126 E. Lincoln Avenue
Rahway, NJ 07065-0907

490177

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:  **Civil Action No. 04-939-JJF (Pending in the United States District Court for the District of Delaware)**

TO:    Procter & Gamble Co.
       5201 Spring Grove Avenue
       Cincinnati, OH 45217

[ ]     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[ ]     YOU ARE COMMANDED to appear at the place, date, and time specified  below to testify at the taking of a deposition in the above case.

|  | DATE AND TIME |
|---|---|

[ X ]     YOU ARE COMMANDED to produce and permit inspection and copying of  the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE SCHEDULE A

| Offices of Howrey, LLP 1111 Louisiana, 25th Floor Houston, Texas  77002 - 5242 | DATE AND TIME **November 7, 2005** |
|---|---|

[ ]     YOU ARE COMMANDED to permit inspection of the following premises at  the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

        Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officer, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*       Counsel for Plaintiff | **October 27, 2005** |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Suzy S. Harbison
Howrey LLP                              Telephone: 713-787-1400
1111 Louisiana, 25th Floor
Houston, Texas 77002-5242

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

1

DM_US\8271314.v1

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|

SERVED:

CERTIFIED MAIL

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____, 2005_____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception of waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2

DM_US\8271314.v1

## SCHEDULE A

## DEFINITIONS

1.     The term "P&G" means The Procter & Gamble Company, including any of its divisions, departments, subsidiaries, affiliates, predecessors, successors, or any of their present or former officers, directors, employees, agents, or representatives.

2.     The term "ACTONEL" means any risedronate sodium tablets for the treatment or prevention of osteoporosis.

3.     The term "document" or "documents" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34(a) and shall mean any writing of any kind, including originals and all non-identical copies (whether different from the original by reason of any notation made on such copies or otherwise). This shall include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard disk or other data storage medium, and whether or not claimed to be privileged, confidential or otherwise excludable from discovery, namely, notes, letters, correspondence, communications, facsimiles, e-mails, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, illustrations, product descriptions, product analyses, requests for proposal, documents related to proposed or actual product improvements or changes, users manuals or guides, installation guides or manuals, technical descriptions or specifications, product repair manuals or guides, photographs, video images, software flow charts or descriptions or specifications, product functional descriptions or specifications, minutes or records of meetings, summaries of interviews reports or appraisals, opinions of counsel, agreements, reports or summaries of negotiation, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents and all other material fixed in a tangible medium of whatever kind known to you or in your possession or control.

DM_US\8271314.v1

4.     The terms "relate," "relating," or "relating to" include referring to, alluding to, or responding to, concerning, connected with, commenting on, regarding, discussing, showing, describing, reflecting, analyzing, constituting, including, mentioning, in respect of, about, or in any way logically or factually connected with the matter described in the requests.

5.     The terms "and" and "or" shall be given such meaning as to bring the greatest scope to the request in question and shall not be given a meaning that would exclude information from a request.

6.     The term "custody" shall include actual or constructive possession or custody.

7.     The term "control" when used in reference to a requested document or thing means the legal right, authority, or ability to obtain or access the requested document or thing on demand.

8.     The term "possession" shall include actual or constructive possession.

9.     The term "things" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34(a) and shall mean any inanimate object, including, prototypes, models, specimens, samples, and products.

10.     The term "communications" means any transfer of information, ideas, opinions, or thoughts by any means, written, oral, or otherwise, at any time or place under any circumstances.  The definition is not limited to transfers between persons but also includes transfers, such as records and memoranda, to file; any written letter, memorandum, electronic transmission, or other document which was sent by one or more individuals to another or others; any telephone call between one or more individuals and another; and any conversation or meeting between one or more individuals and another.

## INSTRUCTIONS

1.     You are required to produce for inspection and copying all of the requested documents, communications and/or things that are in your possession, custody or control.

2.     If you withhold any document, communication and/or thing requested herein on grounds of privilege, work-product or otherwise, identify the specific grounds

4

upon which the objection is based and the particular request objected to, and identify any withheld document, communication and/or thing or portion(s) thereof as follows:

(a)     its date;

(b)     the identity of its author and/or signatories;

(c)     the type of document, communication and/or thing it is (e.g., letter, chart, memorandum, etc.);

(d)     a summary of its contents, or the nature of the document, communication and/or thing;

(e)     its present location and custodian;

(f)     a listing of all persons, including but not limited to addressees, to whom either copies of the document, communication and/or thing have been provided or the contents of the document, communication and/or thing have been disclosed, including the date and means of such disclosure. Notwithstanding the assertion of any objections, any purportedly privileged document, communication and/or thing containing non-privileged matter must be disclosed, with the purportedly privileged portion excised; and

(g)     the nature of the privilege or other rule of law relied upon and the facts supporting the assertion thereof.

3.     If any otherwise responsive document, communication and/or thing was, but no longer is, in existence or in your possession, custody or control, identify its current or last known custodian, its location/address, its date, the names of its authors, the persons from whom it was received or to whom it was sent, its subject matter and describe in full the circumstances surrounding its disposition from your possession or control.

4.     Documents, communications and/or things produced pursuant to this request shall be produced as maintained in the ordinary course of business or labeled to indicate the specific paragraph(s) of this request to which they respond as provided by the Federal Rules of Civil Procedure. If a document, communication and/or thing was prepared in several copies, or if additional copies were thereafter made, and if any such

5

copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on its front or back, such non-identical copies must be produced. Moreover, the fact that a document, communication and/or thing has been or shall be produced by any person does not relieve any other person from the obligation to produce his or its copy of the same document, communication and/or thing, even if the two documents, communications and/or things were identical in all respects.

## DOCUMENTS AND THINGS REQUESTED

1.   All documents relating to any physician studies, attribute trackers, surveys or interviews relating to physician preference or patient preference for ACTONEL or any other bisphosphonate product.

2.   All documents related to the decision to launch once-weekly ACTONEL tablets.

3.   All documents related to the decision to seek a dosing regime for ACTONEL tablets other than once daily.

4.   All documents related to any dosing regimes for ACTONEL other than once-daily.

5.   All documents reflecting actual prescriptions written for ACTONEL from the date of launch of once-daily ACTONEL until January 1, 2005.

6.   All documents reflecting the amount of money actually spent on marketing ACTONEL tablets from the date of launch of once-daily ACTONEL until January 1, 2005.

7.   All documents reflecting money allocated to marketing ACTONEL tablets from the date of launch of once-daily ACTONEL until January 1, 2005.

8.   All documents reflecting profit and loss statements for the ACTONEL franchise from the date of launch of once-daily ACTONEL until January 1, 2005.

6

9.    All documents reflecting reports from P&G sales representatives regarding individual meetings with physicians and reflecting physician statements regarding the perceived benefits of the ACTONEL once-weekly dosing regime.

10.    All documents reflecting the projected and actual number of physician visits from P&G ACTONEL franchise sales representatives from the date of launch of once-daily ACTONEL until January 1, 2005.

11.    All documents that reflect, discuss or otherwise analyze the growth in the number of actual ACTONEL prescriptions written upon the launch of once-weekly ACTONEL.

DM_US\8271314.v1

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2005, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

Josy Ingersoll, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on October 27, 2005 upon the following individuals in the manner indicated:

| BY HAND | BY FACSIMILE |
|---|---|
| Josy Ingersoll, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801 | James Galbraith, Esquire<br>KENYON & KENYON<br>One Broadway<br>New York, NY 10004 |

*/s/ James W. Parrett, Jr.*
James W. Parrett, Jr. (#4292)