IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MERCK & CO., INC.,

      Plaintiff,

v.

TEVA PHARMACEUTICALS USA, INC.,

      Defendant.

C.A. No. 04-939-JJF

**PROTECTIVE ORDER**

WHEREAS the plaintiff to this action, Merck & Company, Inc. ("Plaintiff") and the defendant, Teva Pharmaceuticals USA, Inc. ("Defendant") possess confidential information which may be disclosed in providing initial disclosures, responding to discovery requests or otherwise in this action and which must be protected in order to preserve the legitimate business interests of the parties, and

WHEREAS Plaintiff and Defendant have, through counsel, stipulated to the entry of this Protective Order to prevent unnecessary dissemination or disclosure of such confidential information, and

WHEREAS the parties have established good cause for entry of this Order,

IT IS HEREBY ORDERED that:

1.    Definitions

(a)    The term "Confidential Information" includes all information of a proprietary business or technical nature that might be of value to an actual or potential competitor of the designating party and that the designating party reasonably believes should be protected from disclosure.

(b) The term "Highly Confidential Information" shall mean information that the designating party believes, in good faith, the disclosure of which may cause harm to the competitive position of the designating party. Examples of such information may include without limitation:

1) Current and future business plans, including unpublished financial data and pricing information
2) Private product development and design information (for new, old, suspended and abandoned projects)
3) New business development (for new and old projects)
4) Trade secrets
5) Competitor market analysis
6) Customer lists
7) Distributor agreements and licenses
8) Agreements with sales representatives
9) Business relationships with third parties
10) Manufacturing processes for products currently offered or under development other than those for weekly alendronate or risedronate formulations

(c) The term "Protected Information" shall mean information designated as containing or comprising Confidential or Highly Confidential Information pursuant to the provisions of this Order. It may include, without limitation, documents produced in this action, during formal discovery or otherwise; information produced by non-parties which the producing or designating party is under an obligation to maintain in confidence; answers to interrogatories and responses to requests for admission or other discovery requests; deposition, hearing or trial transcripts; and tangible things or objects that are designated as containing or comprising Confidential or Highly Confidential Information. The information contained therein and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such information shall also be deemed Protected Information. Information originally designated as Protected Information shall not retain that status after any ruling by the Court denying such status to it.

(d) The term "designating party" means the party designating documents or information as Protected Information under this Order.

(e) The term "receiving party" shall mean the party to whom Protected Information is disclosed.

(f) Notwithstanding anything to the contrary herein, the description Protected Information shall apply to all that information so designated by the designating party absent an order of the Court or subsequent written agreement of the designating party providing otherwise.

**Designation of Confidential or Highly Confidential Information as Protected Information**

2. Each designating party who produces or discloses any material that it believes contains or comprises Confidential or Highly Confidential Information shall designate the same as Protected Information. In so designating the material the designating party shall mark "CONFIDENTIAL" on any document containing Confidential Information and "HIGHLY CONFIDENTIAL" on any document containing Highly Confidential Information. When documents or things are produced for inspection, the documents or things may be collectively designated as containing Confidential Information for purposes of the inspection, by letter or otherwise, without marking each document or thing "CONFIDENTIAL, " and such documents or things will be treated as Protected Information under this Order.

3. If any Confidential or Highly Confidential Information is produced by a non-party to this litigation, such a non-party shall be considered a "designating party" within the meaning of that term as it is used in the context of this Order and both parties to this Order should be treated as receiving parties. The parties recognize that, during the course of this litigation, Confidential or Highly Confidential Information that originated with a non-party and for which there exists an obligation of confidentiality may be produced. Such information that the designating party believes originated with a non-party, but is subject to a confidentiality

obligation may be designated as Protected Information and shall be subject to the restrictions on disclosure specified in Paragraph 5.

      4.      In the event any designating party discovers, after it has produced information, that it has inadvertently produced Confidential or Highly Confidential Information that has not been correctly designated, the designating party may redesignate the information by a subsequent notice in writing specifically identifying the redesignated information, in which event the parties shall henceforth treat such information in accord with this Protective Order, and shall undertake reasonable efforts to correct any disclosure of such information contrary to the redesignation.

### Disclosure of the Protected Information

      5.      Information designated as Protected Information may be disclosed only to the following:

      (a)      Attorneys, employees and staff affiliated with any of the law firms representing plaintiff or defendant in this action. At present, such firms are Howrey, LLP; Morris, Nichols, Arsht & Tunnell; Kenyon & Kenyon; and Young Conaway Stargatt & Taylor, LLP, but this provision shall include any other law firms whose attorneys enter an appearance;

      (b)      Independent consultants or experts (and their staff) retained by the attorneys for the parties either as technical consultants or expert witnesses for the purposes of this litigation, as long as these personnel comply with the procedure of Paragraph 14 herein;

      (c)      those persons described in Paragraph 16 herein;

      (d)      the Court, Court personnel, and Official Court Reporters to the extent that Protected Information is disclosed at a deposition or court session which such reporter is transcribing;

  (e) information designated as "Confidential Information" may be disclosed to the following in-house counsel employed by plaintiff:

   1) Paul D. Matukaitis, Esq.,
   2) Edward W. Murray, Esq. and
   3) Gerard M. Devlin, Esq.

  (f) information designated as "Confidential Information" may be disclosed to the following in-house representatives employed by defendant:

   1) Richard Egosi, Esq.,
   2) David Stark, Esq. and
   3) Staci Julie, Esq.

  The foregoing list in this Paragraph 5 may be expanded by mutual agreement in writing by counsel for Plaintiff and Defendant. In addition, to the extent that any of the in-house counsel listed above is replaced during the course of this litigation, replacement counsel may be substituted in this Order.

## Use and Control of Protected Information

  6. Before an expert consultant is afforded access to another party's Protected Information, the identity, current resume or curriculum vitae of the expert, and a signed Declaration of Compliance shall be furnished to all parties. The resume or curriculum vitae may be provided at any time after this Protective Order is signed by the parties. The parties will then have five (5) business days from the day of receipt of the name and resume or curriculum vitae of the expert to submit an objection, in writing, notifying the other parties that the party objects to such expert being shown Protected Information and explaining the basis for the objection. During this time period, Protected Information will not be disclosed to the expert. The parties will then have five (5) business days after an objection is raised during which they may agree on terms under which the expert may be given access to Protected Information. During this time period, no Protected Information may be disclosed to the expert. If they are unable to resolve

5

their differences, the party objecting to the disclosure of Protected Information may apply to the Court for relief, and the burden is on that party to demonstrate good cause why Protected Information may not be shown to the designated expert. If no such application to the Court is made within five (5) business days of the notification of objection, the issue will be deemed waived, and the party seeking to provide Protected Information to an expert will be permitted to do so. In the event an application is made to the Court, however, the materials will continue to be treated as Protected Information in accordance with this Protective Order during the time the Court considers the application and will not be disclosed to the expert consultant.

       7.       All information designated as Protected Information pursuant to this Order and disclosed in this litigation shall be used by a recipient thereof solely for the purposes of this litigation and not for any business or competitive purposes including, but not limited to, patent prosecution or research and development. It shall be the duty of each party and each individual having notice of this Protective Order to comply with this Order from the time of such notice.

       8.       All deposition testimony shall be marked Highly Confidential and shall be treated as containing Protected Information and subject to this Protective Order until a time twenty-five (25) calendar days after the official transcript of such testimony is received. After expiration of the twenty-five (25) day period, the Highly Confidential designation shall have no force and effect unless within twenty (20) calendar days of receipt of the official deposition transcript, the designating party notifies the receiving party in writing that Confidential or Highly Confidential Information is contained within the deposition testimony and specifies the specific pages and lines of the transcript on which such information is contained. If during a Court proceeding Confidential or Highly Confidential Information is likely to be revealed, any party may request that the proceeding be held <u>in camera</u>. If such request is granted by the Court, the

transcript of such proceedings shall be treated as a deposition transcript for the purposes of this Order.

9. All information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Protected Information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only the protected portions of filings with the Court shall be filed under seal.

## Miscellaneous

10. This Protective Order is intended to provide a mechanism for handling the disclosure or production of Confidential or Highly Confidential Information to which there is no objection other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents it deems to contain Confidential or Highly Confidential Information on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism herein set forth or the application of this Order in any particular circumstance.

11. This Protective Order may be amended with respect to specific documents or items of Protected Information by Court order, or by written agreement of the parties hereto. This Protective Order shall remain in force and effect indefinitely until modified, superseded or terminated by Order of this Court.

12. Upon final termination of this action (including all appeals) with respect to any party receiving any Protected Information and at the option of the designating party, the receiving party shall, within thirty (30) days of such termination, either return to the designating party or destroy all Protected Information in its possession. In either event, the receiving party shall specifically describe the materials returned or destroyed and certify their return or

destruction, with the exception that one outside counsel for each party may retain one copy of each of: the pleadings or other papers filed with the Court or served in the course of the litigation, the depositions, the deposition exhibits and the trial record.

      13. No party or person shall disclose or cause to be disclosed to anyone not specified in Paragraph 5 as being entitled to receive it, any information designated as Protected Information under this Protective Order without prior written consent of the designating party or an Order of this Court. If the receiving party learns that Protected Information produced to it is disclosed to any person other than in the manner authorized by this Order, the receiving party learning of the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

      14. No expert or consultant designated in accordance with Paragraph 5(b) above shall have access to Protected Information without first signing a Declaration of Compliance with the Protective Order (in the form attached as Exhibit 1 hereto). A file of all such original written Declarations shall be maintained by counsel for the party obtaining them.

      15. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order.

      16. Nothing herein shall prevent: (a) any party from disclosing its own Protected Information in any manner that it considers appropriate; (b) counsel for either party from showing or using Protected Information during examination, at deposition or trial, of any current or former officer, employee or retained expert of the party who designated the information confidential, or during examination of any other witness with knowledge relevant to the subject of the Protected Information; (c) the disclosure of Protected Information to any person who either authored in whole or in part, or who received in the ordinary course of his or

her work, the Protected Information, provided such person signs a Declaration of Compliance with this Protective Order prior to such disclosure.

17. Nothing herein shall prevent a receiving party from contending (for the purposes of securing an order so providing from the Court) that any or all Protected Information is not confidential or otherwise not entitled to protection. Any receiving party may at any time request that the designating party cancel or change the Protected Information designation with respect to any document, object or information. Such request shall be written, shall be served on counsel for the designating party, and shall particularly identify the designated Protected Information that the receiving party contends is not confidential or highly confidential and the reasons supporting its contention. If the designating party does not agree to remove or change the Protected Information designation, then the party contending that such documents or information are not confidential shall file a motion to be relieved from the restrictions of this Order with respect to the document or information in question. Production of documents and things for purpose of inspection and copying shall not constitute a waiver of confidentiality, privilege or immunity from discovery as to such documents or any other information.

18. All documents and things produced by a party for inspection by the other shall be retained by the party producing the same and, during the pendency of this litigation, shall be made available for reinspection for good cause pursuant to the terms of this Order on reasonable notice and at reasonable times upon request.

19. The parties have agreed that inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity (despite the parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the attorney-client privilege or work product immunity if a request for return of

such documents or information is made promptly after the producing party learns of its inadvertent production.

20. All documents and things produced for inspection may be numbered by the producing party; all produced documents and things which are identified by counsel for the receiving party for copying or imaging at the request of opposing counsel shall be numbered by the producing party.

21. This Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Protected Information is disclosed hereunder.

IT IS HEREBY STIPULATED:

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ James W. Parrett, Jr.*
_____
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200

*Attorneys for Plaintiff Merck & Co., Inc.*

YOUNG CONAWAY STARGATT &
   TAYLOR, LLP

*/s/ Karen E. Keller*
_____
Josy W. Ingersoll (#1088)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
(302) 571-6600

*Attorneys for Defendant Teva Pharmaceutical USA, Inc.*

SO ORDERED this ___ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

490180

## **EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC.,<br><br>         Plaintiff,<br>   v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>         Defendant. | C.A. No. 04-939-JJF |

## **DECLARATION OF COMPLIANCE**

I, the undersigned, hereby acknowledge that I have read the Protective Order entered in this action, understand the terms thereof, agree to be bound by such terms, and agree to be subject to the jurisdiction of said Court in all matters relating to said Protective Order. I acknowledge that I will treat all information designated as "Confidential" and/or "Highly Confidential" strictly in accordance with the terms and conditions of this Protective Order, and that I understand that any unauthorized use of such material that I receive may constitute contempt of court.

Date: _____   _____
                                                                                              Signature


Address: _____   _____
                                                                                              Print Name

490180