EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MERCK & CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-939 (JJF) |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MERCK & CO., INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-85.) TO DEFENDANT TEVA PHARMACEUTICALS USA, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Merck & Co., Inc. ("Merck") request that Defendant Teva Pharmaceuticals USA, Inc. produce for inspection and copying the following documents and things in its possession, custody, or control. The requested documents and things are to be made available for inspection, copying, and/or photographing at the offices of HOWREY SIMON ARNOLD & WHITE, LLP, 750 Bering Drive, Houston, Texas 77057, thirty (30) days after the service hereof, or at such other time and location as may be mutually agreed upon by the parties. Documents shall be produced as required by Rule 34.

## DEFINITIONS

A.    "Teva" shall mean Teva Pharmaceuticals USA, Inc., and shall include (a) any divisions, departments, parents, subsidiaries, other organizational or operational units, and agents of Teva Pharmaceuticals USA, Inc., including but not limited to Teva Pharmaceutical Industries Ltd.; (b) all predecessor or successor companies or corporations; (c) all companies, corporations, partnerships, associations, or other business entities which are or have been under

the common ownership or control, in any manner, of Teva Pharmaceuticals USA, Inc.. and (d) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of any of them.

      B.     The term "Plaintiff" shall mean Merck.

      C.     The term "Defendant" shall mean Teva.

      D.     The term "parties" shall mean plaintiff and defendant.

      E.     The term "'329 patent" shall mean U.S. Patent No. 5,994,329.

      F.     The term "'932 patent" shall mean U.S. Patent No. 6,432,932.

      G.     The term "'443  patent" shall mean U.S. Patent No. 6,465,443.

      H.     The "patents-in-suit" shall mean the '329 patent, the '932 patent, and the '443 patent.

      I.     The term "document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include, but not be limited to, the original (or a copy when the original is not available), each non-identical copy (including those which are non-identical by reason of notations or markings, or by appearing in the files of a separate person), and any books, notebooks, pamphlets, periodicals, letters, reports, memoranda, handwritten notes, notations, messages, telegrams, wires, cables, press or newswire releases, records, studies, analyses, summaries, magazines, booklets, circulars, labels, catalogs, bulletins, instructions, operating or maintenance manuals, operating or product specifications, fabrication sheets, laboratory notebooks, calendars, day timers, notes or records of meetings, notices, purchase orders, bills, ledgers, checks, tabulations, questionnaires, surveys, drawings, sketches, schematics, blueprints, flow sheets, working papers, charts, graphs, indices, tapes, agreements, releases, appraisals, valuations, estimates, opinions, financial statements, accounting records,

income statements, photographs, films or videotapes, tapes, minutes, contracts, leases, invoices, records of purchase or sale, correspondence, electronic or other transcription or taping of notes pertaining to telephone or personal conversations or conferences, tape recordings, electromagnetic recordings, digital recordings, voice mail messages and transcriptions thereof, interoffice and intraoffice communications of all types e-mail messages including printouts thereof, microfilms, CD-ROMs, videotapes or cassettes, films, movies computer printouts and all other written, printed, typed, punched, engraved, taped, filmed, recorded (electronically or otherwise), labeled, or graphic matter or thing, of whatever description, however produced or reproduced (including computer-stored or generated data), and shall include all attachments to (including tangible things) and enclosures with (including tangible things) any requested item, to which they are attached or with which they are enclosed, and each draft thereof.

J.    The term "thing" shall mean any tangible object, other than a document, and includes objects of every kind and nature including, but not limited to, prototypes, models, samples and specimens.

K.    The term "person" or "persons" shall mean an individual, corporation, proprietorship, partnership, association, joint venture, or any other entity.

L.    The term "identify" (with respect to persons) shall mean to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

M.     The term "identify" (with respect to documents) shall mean to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipients(s).

N.     "FDA" shall mean the United States Food and Drug Administration.

O.     The term "Abbreviated New Drug Application" shall mean an Abbreviated New Drug Application filed with the FDA.

P.     For purposes of Merck's discovery requests only, the term "risedronate" refers to the compound 2-(3-pyridyl)-1-hydroxyethane diphosphonic acid, as well as any pharmaceutical product or formulation containing this compound, including salts and esters thereof.

Q.     The term "P&G" shall mean collectively The Procter & Gamble Company and/or Procter & Gamble Pharmaceuticals, and shall include (a) any divisions, departments, parents, subsidiaries, other organizational or operational units, and agents of The Procter & Gamble Company and/or Procter & Gamble Pharmaceuticals; (b) all predecessor or successor companies or corporations; (c) all companies, corporations, partnerships, associations, or other business entities which are or have been under the common ownership or control, in any manner, of The Procter & Gamble Company and/or Procter & Gamble Pharmaceuticals. and (d) each of the present and former officers, directors, employees, agents, attorneys, or other representatives of any of them.

R.     The term "Teva's Notice of Patent Certification" shall mean the letter regarding Teva's Abbreviated New Drug Application No. 77-132 from Deborah Jaskot dated July 2, 2004 to the President or Counsel of Merck.

S.    For purposes of these requests, terms not specifically defined shall be given their ordinary meaning. Should Defendant be unable to understand the meaning of any term, Defendant is invited to immediately seek clarification through Merck's counsel.

## INSTRUCTIONS

A.    These requests require Teva to produce all documents and things that are in Teva's actual or constructive possession, custody, or control or in the possession, custody or control of Teva's attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on Teva's behalf.

B.    In the event Defendant claims that a request is overly broad, Defendant is requested to respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is allegedly overly broad.

C.    In the event Defendant claims that a request is unduly burdensome, Defendant is requested to respond to that portion of the request that is unobjectionable and specifically identify the respect in which the request is allegedly unduly burdensome.

D.    With respect to any document or thing that Defendant is unwilling to produce for inspection by Merck's counsel because the document or thing is asserted to be immune from discovery under the attorney-client privilege or work-product immunity, state separately with respect to each such document or thing sufficient information to disclose:

1.    the general nature of each such document and/or thing, i.e., whether it is a letter, memorandum, report, pamphlet, etc.;

2.    the date on which each such document and/or thing was reproduced or transcribed;

3.    the name and business address of the person who signed or prepared each such document and/or thing or both and the name and business address of each such person who has edited, corrected, revised, or amended the same;

4.    the name and business address of each person to whom any such document or thing was given or sent, or otherwise known to Defendant as being an intended or actual recipient of a copy thereof;

5.    the name and address of the person having possession, custody, or control of each such document or tangible thing;

6.    a brief indication of the subject matter of each such document or thing; and

7.    the grounds for the claimed privilege or immunity as to each such document or thing.

E.    These requests shall include documents and things created, acquired, or identified up to the date(s) of production and shall be deemed to be continuing.  Therefore, Defendant shall promptly produce to Merck, as supplemental responses to these requests in accordance with Fed. R. Civ. P. 26(e), any additional documents or things that Defendant identifies, acquires, or becomes aware of up to and including the time of trial.

F.    For any requested document that has been destroyed after August 13, 2004, Defendant shall identify each document, set forth the contents of each destroyed document, the date of such destruction, the identity of any individuals who authorized the destruction, and other circumstances related to such destruction.

- 6 -

## REQUESTS FOR PRODUCTION

### DOCUMENT REQUEST NO. 1

All documents and things that constitute, refer, or relate to the patents-in-suit.

### DOCUMENT REQUEST NO. 2

All opinions, legal or otherwise, relating to the validity, invalidity, infringement, non-infringement, enforceability, non-enforceability, liability, or license (either express or implied) to Defendant for any of the patents-in-suit or any other defense.

### DOCUMENT REQUEST NO. 3

All documents and things, including correspondence and communications with counsel, relating to the validity, invalidity, infringement, non-infringement, enforceability, non-enforceability, liability, or license (either express or implied) to Defendant for any of the patents-in-suit or any other defense.

### DOCUMENT REQUEST NO. 4

All documents and things relating to patent clearances, freedom to operate opinions or other mechanisms to avoid infringement or willful infringement by Defendant of the patents-in-suit.

### DOCUMENT REQUEST NO. 5

All documents and things relating to any policies or practices of Defendant concerning patent clearances, freedom to operate opinions or other mechanisms to avoid infringement or willful infringement by Defendant of the patents of others.

**DOCUMENT REQUEST NO. 6**

Abbreviated New Drug Application No. 77-132, including all amendments and supplements thereto.

**DOCUMENT REQUEST NO. 7**

All Abbreviated New Drug Applications, including all amendments and supplements thereto, filed by Defendant with the FDA for risedronate.

**DOCUMENT REQUEST NO. 8**

All pharmaceutical applications, including all amendments and supplements thereto, relating to risedronate filed by Defendant with any regulatory agency, either in the United States or a foreign country.

**DOCUMENT REQUEST NO. 9**

All documents and things relating to or constituting correspondence or other communications, including but not limited to draft documents and correspondence, among Defendant[1] and/or between Defendant and/or any other person and any foreign or domestic regulatory agency, including but not limited to the FDA or a foreign counterpart to the FDA concerning risedronate.

**DOCUMENT REQUEST NO. 10**

All documents and things relating to the patent certifications made by Defendant as part of an Abbreviated New Drug Application for risedronate.

---

[1]    Although the word "Defendant" is singular, the defined term "Defendant" includes all of the persons listed in the Merck's definition of "Teva."

**DOCUMENT REQUEST NO. 11**

All documents and things relating to the timing, schedule, timetable or projection of approval of Defendant's Abbreviated New Drug Application for risedronate.

**DOCUMENT REQUEST NO. 12**

All documents and things related to Teva's Notice of Patent Certification.

**DOCUMENT REQUEST NO. 13**

All documents and things relating to Defendant's decision to file a paragraph IV[2] patent certification as part of an Abbreviated New Drug Application for risedronate.

**DOCUMENT REQUEST NO. 14**

All documents and things relating to the first awareness of the patents-in-suit by Defendant.

**DOCUMENT REQUEST NO. 15**

All documents and things created before the filing of this suit concerning or constituting any search for publications and documents relating to any of the patents-in-suit.

**DOCUMENT REQUEST NO. 16**

All documents and things that Defendant contends support an allegation that any claim of any of the patents-in-suit is invalid.

---

[2]    The term "paragraph IV" refers to 21 U.S.C. § 505(j)(2)(A)(vii)(IV)

**DOCUMENT REQUEST NO. 17**

All documents and things forming the basis of, or relating to, Defendant's contention that any of the claims of the patents-in-suit is not, and/or will not be, infringed by Defendant.

**DOCUMENT REQUEST NO. 18**

All documents and things forming the basis of, or relating to, any and all defenses pleaded by Defendant that any claim of the patents-in-suit is invalid.

**DOCUMENT REQUEST NO. 19**

All documents and things forming the basis of, or relating to, Defendant's contention that any of the claims of the patents-in-suit is invalid as lacking a written description.

**DOCUMENT REQUEST NO. 20**

All documents and things forming the basis of, or relating to, Defendant's contention that any of the claims of the patents-in-suit is invalid as the specification does not enable the claims.

**DOCUMENT REQUEST NO. 21**

All documents and things forming the basis of, or relating to, Defendant's contention that any of the claims of the patents-in-suit is invalid as indefinite.

**DOCUMENT REQUEST NO. 22**

All documents and things forming the basis of, or relating to, Defendant's contention that any of the claims of the patents-in-suit is invalid as lacking utility.

**DOCUMENT REQUEST NO. 23**

All documents and things forming the basis of, or relating to, Defendant's contention that any of the claims of the patents-in-suit is anticipated.

**DOCUMENT REQUEST NO. 24**

All documents and things forming the basis of, or relating to, Defendant's contention that any of the claims of the patents-in-suit is invalid as obvious.

**DOCUMENT REQUEST NO. 25**

All documents and things relating to any legal or administrative proceedings concerning the manufacture, importation, sale, and/or offer for sale of pharmaceutical formulations of risedronate in the U.S. by Defendant or any other person.

**DOCUMENT REQUEST NO. 26**

All documents and things concerning any indemnification provided to or received by, or granted by Defendant against or for the infringement of any of the patents-in-suit.

**DOCUMENT REQUEST NO. 27**

All documents and things concerning any insurance provided to or received by, or granted by Defendant against or for the infringement of any of the patents-in-suit.

**DOCUMENT REQUEST NO. 28**

All documents and things relating to U.S. or foreign lawsuits, investigations, or administrative proceedings regarding Defendant's production of risedronate.

**DOCUMENT REQUEST NO. 29**

All documents and things relating to any manufacture, importation, use, sale, and/or offer for sale of pharmaceutical formulations of risedronate in the U.S. by Defendant or any other person.

**DOCUMENT REQUEST NO. 30**

All documents and things relating to any supply agreement for risedronate.

**DOCUMENT REQUEST NO. 31**

All documents and things relating to any desire, consideration or need by Defendant to obtain or not obtain a license under any of the patents-in-suit.

**DOCUMENT REQUEST NO. 32**

All documents and things related to licensing agreements among Defendant and/or between Defendant and any other person for the production, distribution or sale of risedronate.

**DOCUMENT REQUEST NO. 33**

All documents and things relating to any potential labeling, promotion, advertising or claims to be used in marketing risedronate by Defendant in the U.S or any other country.

**DOCUMENT REQUEST NO. 34**

All documents and things concerning marketing or whether to market risedronate in the U.S. or any other country.

**DOCUMENT REQUEST NO. 35**

All documents and things relating to market share and market potential for risedronate in the U.S. or any other country.

**DOCUMENT REQUEST NO. 36**

All documents and things relating to the dollar amounts expended or predicted to be expended by Defendant or any other person for the promotion of risedronate in the U.S. or any other country.

**DOCUMENT REQUEST NO. 37**

All documents and things relating to any comparison of risedronate to any other product.

**DOCUMENT REQUEST NO. 38**

All documents and things relating to any comparison of risedronate to any product containing a bisphosphonate (including salts and esters thereof).

**DOCUMENT REQUEST NO. 39**

All documents and things relating to the dollar amounts expended by Defendant or any other person for the preparation and filing of Abbreviated New Drug Application No. 77-132.

**DOCUMENT REQUEST NO. 40**

All documents and things relating to all forms of promotions for or marketing of risedronate in the U.S. or any other country by Defendant or any other person.

**DOCUMENT REQUEST NO. 41**

All documents and things relating to any communications to or from Defendant's sales force, agents, dealers, representatives, distributors, the press, or any news wire service relating to this lawsuit, and/or any of the patents-in-suit.

**DOCUMENT REQUEST NO. 42**

All documents and things relating to any market survey, market analysis, sales projections or forecast of customer demand with respect to risedronate in the U.S. or any other country.

**DOCUMENT REQUEST NO. 43**

All documents and things relating to Defendant's research and development efforts related to risedronate.

**DOCUMENT REQUEST NO. 44**

All documents and things relating to Defendant's research and development of tablets containing risedronate.

**DOCUMENT REQUEST NO. 45**

All documents and things relating to patent applications, including the patents themselves, filed in any country by Defendant referencing, referring, or relating to risedronate.

**DOCUMENT REQUEST NO. 46**

All documents and things relating to any tests comparing P&G's risedronate product with the risedronate product that Defendant or any other person has produced.

**DOCUMENT REQUEST NO. 47**

Any samples of P&G products that contain risedronate that have been tested or examined by Defendant or any persons working on its behalf and the results of any such tests or examinations.

**DOCUMENT REQUEST NO. 48**

All documents and things relating to any testing performed using P&G's risedronate.

**DOCUMENT REQUEST NO. 49**

All documents and things relating to Defendant's knowledge of Merck's, P&G's, or any other entity's activities in the research, patenting, development, manufacture, marketing, use or sale of any pharmaceutical formulation of risedronate.

**DOCUMENT REQUEST NO. 50**

All documents and things relating to Defendant's activities in the research, patenting, development, manufacture, marketing, use or sale of any pharmaceutical formulation of risedronate or any other bisphosphonate, including salts and esters thereof.

**DOCUMENT REQUEST NO. 51**

All documents and things Defendant contemplates introducing at trial.

**DOCUMENT REQUEST NO. 52**

All documents and things relied upon or referred to in preparing the Answer to Merck's Complaint in this action and Teva's Notice of Patent Certification, including, but not limited to, all reports, analyses, test results, or other materials.

**DOCUMENT REQUEST NO. 53**

All documents and things produced to any other parties in connection with discovery in U.S. and foreign litigations concerning, referring, or relating to risedronate.

**DOCUMENT REQUEST NO. 54**

All documents and things relating to any experts Defendant contemplates calling at trial, including but not limited to the educational and technical training of each expert and any publications authored by such expert.

**DOCUMENT REQUEST NO. 55**

All documents and things, including but not limited to organizational charts, showing identity and job titles of employees for all of Defendant's divisions and/or subsidiaries involved in the research, development, production, analysis, design, manufacture, sale, distribution, marketing, or market analysis of risedronate.

**DOCUMENT REQUEST NO. 56**

All documents and things setting forth Defendant's document retention and/or destruction policies.

**DOCUMENT REQUEST NO. 57**

All documents and things relating to or constituting applications by Defendant to obtain regulatory approval for risedronate in a foreign country.

**DOCUMENT REQUEST NO. 58**

All documents and things referring or relating to correspondence between Defendant and P&G referring or relating to risedronate.

**DOCUMENT REQUEST NO. 59**

All documents and things referring or relating to correspondence between Defendant and any third party relating to risedronate.

**DOCUMENT REQUEST NO. 60**

All documents and things that Defendant has submitted to or received from the FDA referring or relating to risedronate.

**DOCUMENT REQUEST NO. 61**

All documents and things referring or relating to safety and efficacy testing of risedronate.

**DOCUMENT REQUEST NO. 62**

All documents and things from the files of Deborah Jaskot referring or relating to risedronate.

**DOCUMENT REQUEST NO. 63**

All documents and things reflecting meeting minutes or notes or records of any meeting referring or relating to risedronate.

**DOCUMENT REQUEST NO. 64**

All documents and things reflecting correspondence referring to or relating to meeting minutes or notes or records of any meeting referring or relating to risedronate.

**DOCUMENT REQUEST NO. 65**

      All documents and things reflecting meeting minutes or notes or records of any meeting referring or relating to osteoporosis or drugs used in the treatment or prevention of osteoporosis.

**DOCUMENT REQUEST NO. 66**

      All documents and things in the possession, custody or control of Deborah Jaskot referring or relating to osteoporosis or to any drug used in the treatment and prevention of osteoporosis.

**DOCUMENT REQUEST NO. 67**

      All documents and things from the files of Marc Goshko referring or relating to risedronate.

**DOCUMENT REQUEST NO. 68**

      All documents and things in the possession, custody or control of Marc Goshko referring or relating to osteoporosis or to any drug used in the treatment and prevention of osteoporosis.

**DOCUMENT REQUEST NO. 69**

      All documents and things from the files of Christopher Pelloni referring or relating to risedronate.

**DOCUMENT REQUEST NO. 70**

      All documents and things in the possession, custody or control of Christopher Pelloni referring or relating to osteoporosis or to any drug used in the treatment and prevention of osteoporosis.

**DOCUMENT REQUEST NO. 71**

All documents and things from the files of William Marth referring or relating to risedronate.

**DOCUMENT REQUEST NO. 72**

All documents and things in the possession, custody or control of William Marth referring or relating to osteoporosis or to any drug used in the treatment and prevention of osteoporosis.

**DOCUMENT REQUEST NO. 73**

All documents and things from the files of Uzi Karniel referring or relating to risedronate.

**DOCUMENT REQUEST NO. 74**

All documents and things in the possession, custody or control of Uzi Karniel referring or relating to osteoporosis or to any drug used in the treatment and prevention of osteoporosis.

**DOCUMENT REQUEST NO. 75**

All documents and things from the files of Kenyon & Kenyon referring or relating to risedronate.

**DOCUMENT REQUEST NO. 76**

All documents and things in the possession, custody or control of Kenyon & Kenyon referring or relating to osteoporosis or to any drug used in the treatment and prevention of osteoporosis.

**DOCUMENT REQUEST NO. 77**

All documents and things from the files of William A. Fletcher referring or relating to risedronate.

**DOCUMENT REQUEST NO. 78**

All documents and things in the possession, custody or control of William A. Fletcher referring or relating to osteoporosis or to any drug used in the treatment and prevention of osteoporosis.

**DOCUMENT REQUEST NO. 79**

All documents and things received from any individuals or organizations related to risedronate.

**DOCUMENT REQUEST NO. 80**

All documents and things relating or referring to prescription volume or prescription data for risedronate.

**DOCUMENT REQUEST NO. 81**

All documents and things relating or referring to market share or sales of risedronate.

**DOCUMENT REQUEST NO. 82**

All documents and things referring or relating to any bisphosphonate, including salts and esters thereof.

**DOCUMENT REQUEST NO. 83**

All documents and things referring or relating to any consideration by Defendant for filing an Abbreviated New Drug Application for any bisphosphonate, including salts and esters thereof.

**DOCUMENT REQUEST NO. 84**

All documents and things referring or relating to the license between Merck and P&G for risedronate products.

**DOCUMENT REQUEST NO. 85**

One hundred of each of the different tablet doses covered by Teva's Abbreviated New Drug Application No. 77-132.

OF COUNSEL:                                 MORRIS, NICHOLS, ARSHT & TUNNELL

John F. Lynch
Nicolas G. Barzoukas
Suzy S. Harbison                            Mary B. Graham (#2256)
Jason C. Abair                              James W. Parrett, Jr. (#4292)
HOWREY SIMON ARNOLD & WHITE, LLP            1201 North Market Street
750 Bering Drive                            P.O. Box 1347
Houston, TX 77057-2198                      Wilmington, DE 19899
(713) 787-1400                              (302) 658-9200

Paul D. Matukaitis                          *Attorneys for Plaintiff Merck & Co., Inc.*
MERCK & CO., INC.
One Merck Drive
Whitehouse Station, NJ  08889-0100

Edward W. Murray
Gerard M. Devlin, Jr.
MERCK & CO., INC.
126 E. Lincoln Avenue
Rahway, NJ 07065-0907
April 25, 2005
462087

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April, 2005, true and correct copies of the

foregoing were caused to be served upon the following individuals in the manner indicated:

**BY HAND**                                    **BY FEDERAL EXPRESS**

Josy Ingersoll, Esquire                        James Galbraith, Esquire
YOUNG CONAWAY STARGATT                         KENYON & KENYON
  &amp; TAYLOR, LLP                   One Broadway
The Brandywine Building                        New York, NY  10004
1000 West Street, 17th Floor
Wilmington, DE  19801

_____
Mary B. Graham  (#2256)

- 22 -