IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MERCK & CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-939 (GMS) |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**I.    MOTION TO RE-OPEN FACT AND EXPERT DISCOVERY**

The above-captioned action for patent infringement relates to the drug risedronate sodium, marketed under the name Actonel, which is used for the treatment and prevention of osteoporosis. The patents in suit do not actually claim risedronate. Rather, the patents claim a dosing regimen that avoids certain gastrointestinal side effects reported by Actonel users. In order to determine the proper regimen, beagles were dosed with various amounts of risedronate at various intervals. The beagles were then euthanized and their esophagi were studied under a microscope. According to Merck, Teva is attempting to argue that the patents in suit are invalid because they rely solely on the results of these beagle experiments. After fact discovery closed, Merck uncovered the fact that Teva had not disclosed the existence of two patent applications it had filed related to a similar osteoporosis drug known as alendronate, marketed under the name Fosamax, in which only beagle studies are cited in support of patentability. Merck contends that the use of beagle studies in those two undisclosed applications undercuts Teva's invalidity argument. Thus, Merck moves to re-open both fact and expert discovery in order to permit a full exploration of Teva's beagle experiments.

To the lay eye, it appears that the beagle experiments cited in Merck's patents have little in common with the beagle experiments cited in Teva's undisclosed applications. Although both sets

of experiments were directed toward the effects of various dosing regimens on beagles, the similarities seem to end there. For example, the experiments cited in Merck's patents studied the effects of risedronate on the beagles' esophagi in an effort to prevent gastrointestinal side effects, whereas the experiments cited in Teva's applications studied the amount of alendronate in the beagles' urine in an effort to increase the amount of the drug absorbed by the body (referred to as the drug's "bioavailability"). Thus, the court believes that the relationship between these sets of experiments is tenuous. Moreover, Merck admits that it knew long before the close of discovery about a different bioavailability patent owned by Teva in which the same beagle experiments are disclosed. Merck attempts to draw a distinction, however, by pointing out that Teva's patent relies upon other types of experiments in addition to beagle experiments, whereas Teva's undisclosed applications rely solely upon beagle experiments. And, since the basis for Teva's attack is that Merck's patent relies solely upon beagle experiments, Merck argues that its prior knowledge of Teva's *partial* reliance upon beagle experiments is irrelevant. While disclosure of Teva's applications might have strengthened Merck's ability to rebut this attack, Merck still had motive and opportunity inquire into the nature of Teva's beagle experiments, but declined to do so. Therefore, given the tenuous relationship between these sets of experiments and Merck's prior knowledge, the court finds that there is no need to disrupt the scheduling order by re-opening discovery.

**II.    MOTION TO STAY**

Merck also moves to stay this case pending the outcome of a co-pending case in which it seeks relief, pursuant to Fed. R. Civ. P. 60(b), from a judgment against it in a previous case against Teva involving Fosamax. The basis upon which Merck seeks such relief is Teva's alleged withholding of the beagle studies disclosed in the two patent applications. However, in the previous

case, as in the case at bar, Merck knew of Teva's other bioavailability patent disclosing the same beagle studies, but declined to pursue them. It thus appears unlikely that Merck will prevail in the co-pending case, and therefore, the court deems a stay to be unjustified.

IT IS HEREBY ORDERED THAT:

    Merck's motion (D.I. 59) be DENIED.


Dated: June 22, 2006                                        /s/ Gregory M. Sleet
                                                            UNITED STATES DISTRICT JUDGE