IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC., | ) |
|  | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 04-939 (GMS) |
|  | ) |
| TEVA PHARMACEUTICALS USA, INC. | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

**[PROPOSED] PRE-TRIAL ORDER**

This matter having come before the Court at a pretrial conference held pursuant to Fed. R. Civ. P. ("Rule") 16, and _____ having appeared as counsel for plaintiff(s) and _____ having appeared as counsel for defendant(s), the following actions were taken:

(1) This is an action for patent infringement involving U.S. Patent No. 5,994,329 ("the '329 patent") and U.S. Patent No. 6,432,932 ("the '932 patent"), and the jurisdiction of the court is involved under Title 28, United States Code §§ 1331 and 1338(a). Jurisdiction is not disputed.

(2) The following stipulations and statements were submitted and are attached to and made a part of this Order:

    (a) A comprehensive list of all facts that are stipulated to be uncontested, which will become a part of the evidentiary record in the case, and additional facts that each party contends should be uncontested, is attached as Exhibit 1.

    (b) Statements of contested issues of fact and law are attached as Exhibit 2.

    (c) Submitted with this order as Exhibits 3A and 3B are exhibit lists (except for rebuttal exhibits), along with objections, for Merck and Teva USA respectively.

The parties have agreed to submit a list of joint exhibits for inclusion in this pretrial order (as Exhibit 3C) prior to the pretrial conference.

(1) The parties have agreed that the demonstrative exhibits that the parties intend to use at trial do not need to be included on their respective lists of trial exhibits at this time. The parties shall exchange copies (using best efforts to exchange color copies) of demonstrative exhibits and shall make available for inspection physical exhibits to be used at trial, labeled with the exhibit number, as set forth below. Exchange of large boards or transparencies may instead be exchanged on 8 ½ by 11 inch white paper. Any demonstrative exhibit, except for demonstrative exhibits created during testimony of a witness, shall be disclosed to the other side as provided in sections (c)(3) and (c)(4) below unless the parties agree to alternate arrangements. This exchange of demonstrative exhibits does not waive any objections to them.

(2) The parties reserve the right to use exhibits from either parties' trial exhibit list, even if not separately listed on their respective lists. However, recognizing that a party has a right to object to use of its own listed exhibits by the other side, the parties have agreed that all such objections are preserved and need not be disclosed in advance of trial. The parties reserve the right to offer rebuttal exhibits that are not set forth in their exhibit lists for impeachment purposes or for rebuttal.

    (3)    The parties have agreed that demonstrative and physical exhibits intended for use after opening statements shall be disclosed to the other side no later than 6:00 pm on the evening prior to their intended use.

    (4)    The parties have agreed that demonstrative and physical exhibits intended for use during opening statements shall be exchanged no later than 6:00 pm on Sunday, August 27, 2006.

(d)    A list of names and addresses of the potential witnesses to be called by Merck, along with a statement of any objections to any of Teva USA's potential witnesses is attached as Exhibit 4.  A list of names and addresses of the potential witnesses to be called by Teva USA, along with a statement of any objections to any of Merck's potential witnesses is attached as Exhibit 5.

    (1)    Each party shall provide to the other party a list of witnesses it intends to call to testify, whether live or by deposition, by 6:00 pm the day before the witnesses are expected to testify.  A list of exhibits that the party intends to use during the direct examination of each witness shall also be provided at that time.

    (2)    No witness called by a party shall be permitted to testify at trial unless identified in this Order or unless the Court determines that in the interests of justice such witness should be called.

    (3)    The listing of a witness on a party's list does not require that party to call the witness to testify, either live or by deposition.

(e) Merck's statement setting forth the qualifications of its expert witnesses is attached as Exhibit 6. Teva USA's statement setting forth the qualifications of its expert witnesses is attached as Exhibit 7.

(f) Merck's affirmative deposition designations and Teva USA's objections thereto and counter-designations are attached as Exhibit 8. Teva USA's affirmative deposition designations and Merck's objections thereto and counter-designations are attached as Exhibit 9.

(g) Damages do not apply in this case.

(h) Merck is no longer asserting U.S. Patent No. 6,465,443 in this case. Teva USA has not waived any claims or defenses in this litigation.

(i) This is a non-jury trial.

(j) *Merck's Statement of Proposed Findings of Fact and Conclusions of Law* is attached in duplicate as Exhibit 10. *Teva USA's Statement of Proposed Findings of Fact and Conclusions of Law* is attached in duplicate as Exhibit 11.

(k) Possibility of settlement of this case was considered by the parties. No agreement has been reached and the parties are not currently engaged in settlement discussions.

(l) Merck believes all fact discovery is complete. Merck has completed all expert discovery except for the deposition of Jesse David, Ph.D. Teva USA has completed all discovery except for the deposition of a 30(b)(6) witness of The Procter & Gamble Company. Merck believes that, absent good cause shown, no further discovery, other than the expert deposition of Jesse David should be permitted. Teva USA believes that absent good cause shown, no further

        discovery, other than the expert deposition of Jesse David and the deposition of a 30(b)(6) witness designated by The Procter & Gamble Company, shall be permitted. Teva's position is that the 30(b)(6) deposition of P&G will only be necessary if the parties are unable to reach an agreement regarding the admissibility of certain specific P&G documents that are the subject of an outstanding subpoena, the parties have been working with each other and P&G to attempt to obviate the need for this deposition, hence it has not yet been taken.

(3)    Trial of this case is expected to take 4 days, commencing on August 28, 2006.

(4)    Type of trial:  Non-jury

(5)    This is a non-jury trial.

(6)    This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

(7)    Possibility of settlement of this case was considered by the parties.

                                        SO ORDERED THIS ___ day of _____, 2006.

                                      _____
                                      United States District Court Judge

JOINTLY SUBMITTED BY:

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| */s/ James W. Parrett, Jr.* | */s/ Karen E. Keller* |
| Mary B. Graham (#2256)<br>James W. Parrett, Jr. (#4292)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>302.658.9200 | Josy W. Ingersoll (#1088)<br>Adam W. Poff (#3990)<br>Karen E. Keller (#4489)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19899<br>302.571.6600 |
| *Attorneys for Plaintiff*<br>*Merck & Co., Inc.* | *Attorneys for Defendant*<br>*Teva Pharmaceuticals USA, Inc.* |
| OF COUNSEL: | OF COUNSEL: |
| John F. Lynch<br>HOWREY, LLP<br>750 Bering Drive<br>Houston, TX 77057-2198<br>713.787.1400 | James Galbraith<br>Maria Luisa Palmese<br>A. Antony Pfeffer<br>KENYON & KENYON<br>One Broadway<br>New York, NY 10004<br>212.425.7200 |
| Nicolas G. Barzoukas<br>Suzy S. Harbison<br>Jason C. Abair<br>WEIL, GOTSHAL & MANGES<br>700 Louisiana, Suite 1600<br>Houston, TX 77002<br>713.546.5000 | |
| Paul D. Matukaitis<br>MERCK & CO., INC.<br>One Merck Drive<br>Whitehouse Station, NJ 08889-0100<br>908.423.1000 | |
| Edward W. Murray<br>Gerard M. Devlin<br>MERCK & CO., INC.<br>126 E. Lincoln Avenue RY28-320<br>Rahway, NJ 07065-0907<br>732.594.4000 | |

Dated:   June 28, 2006
526667