# EXHIBIT 2

Case 1:04-cv-00939-GMS    Document 70-3    Filed 06/28/2006    Page 1 of 8

**EXHIBIT 2**

**PLAINTIFF MERCK'S STATEMENT
OF CONTESTED ISSUES OF FACT AND LAW**

**I.    MERCK'S STATEMENT OF CONTESTED ISSUES OF FACT**

**A.    INFRINGEMENT**

1. Whether Teva's filing of ANDA No. 77-132 for tablets containing 35 mg of risedronate sodium infringes claim 6 of the '932 patent.

**B.    INVALIDITY UNDER SECTIONS 102 AND 103**

1. Whether the '329 patent is anticipated in light of the prior art cited by Teva.

2. Whether the '932 patent is anticipated in light of the prior art cited by Teva.

3. The scope and content of the prior art.

4. The differences between the prior art and the claims of the '329 and '932 patents.

5. The level of ordinary skill in the art at the time the invention was made.

6. Whether there was any reason, suggestion or motivation found in the prior art directing a person of ordinary skill in the art to combine the references relied on by Teva at the time of the invention.

7. Whether products covered by the claims of the '329 and '932 patents have been commercially successful.

8. Whether there is a nexus between the merits of the subject matter claimed in the '329 and '932 patents and any commercial success of that subject matter.

9. Whether the inventions claimed in the '329 and '932 patents satisfied a long-felt need in the industry.

10. Whether others failed to make the inventions claimed in the '329 and '932 patents.

11. Whether the inventions claimed in the '329 and '932 patents were copied by others.

12. Whether the inventions claimed in the '329 and '932 patents achieved unexpected results.

13. Whether the inventions claimed in the '329 and '932 patents received praise from the defendant and others in the field.

14. Whether there is any connection between any of the above factors and the inventions claimed in the '329 and '932 patents.

15. Whether the subject matter claimed in the '329 and '932 patents would have been obvious to one of ordinary skill in the art at the time the invention was made.

II. **MERCK'S STATEMENT OF CONTESTED ISSUES OF LAW**

A. **INFRINGEMENT**

1. The construction of claim 6 of the '932 patent. *Markman v. Westview Instruments, Inc.,* 517 U.S. 370 (1996).

2. Whether Teva's submission of an ANDA related to 35 mg risedronate sodium tablets infringes claim 6 of the '932 patent. 35 U.S.C. § 271(e)(2); *Abbott Labs. v. Torpharm, Inc.*, 300 F.3d 1367 (Fed. Cir. 2002); *Bayer AG v. Elan Pharmaceutical Research Corp.*, 212 F.3d 1241 (Fed. Cir.), *cert. denied*, 531 U.S. 993 (2000).

3. Whether Teva's filing of an ANDA for 35 mg risedronate sodium tablets constitutes inducement of infringement of claim 6 of the '932 patent. 35 U.S.C. § 271; *Zenith Laboratories, Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418 (Fed. Cir.), *cert. denied*, 513 U.S.

995 (1994); *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1468-70 (Fed. Cir. 1990).

4.  Whether Teva's filing of an ANDA for 35 mg risedronate sodium tablets constitutes contributory infringement of claim 6 of the '932 patent. 35 U.S.C. § 271; *Aro Manufacturing Co. v. Convertible Top Replacement Co.*, 377 U.S. 476 (1964).

**B.    VALIDITY**

1.  Whether Teva has shown by clear and convincing evidence that the '329 patent is anticipated by the prior art. 35 U.S.C. § 102; *Union Carbide Chemicals & Plastics Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167 (Fed. Cir. 2002); *Purdue Pharma L.P. v. Boehringer Ingelheim GMBH*, 237 F.3d 1359 (Fed. Cir. 2001); *Bristol-Meyers Squibb Co. v. Ben Venue Labs.*, 246 F.3d 1368 (Fed. Cir. 2001); *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339 (Fed. Cir. 2000).

B.  Whether Teva has shown by clear and convincing evidence that the '932 patent is anticipated by the prior art. 35 U.S.C. § 102; *Union Carbide Chemicals & Plastics Tech. Corp. v. Shell Oil Co.*, 308 F.3d 1167 (Fed. Cir. 2002); *Purdue Pharma L.P. v. Boehringer Ingelheim GMBH*, 237 F.3d 1359 (Fed. Cir. 2001); *Bristol-Meyers Squibb Co. v. Ben Venue Labs.*, 246 F.3d 1368 (Fed. Cir. 2001); *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339 (Fed. Cir. 2000).

C.  Whether Teva has shown by clear and convincing evidence that the '329 patent would have been obvious to one of ordinary skill in the art at the time the invention was made. 35 U.S.C. § 103(a). *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120 (Fed. Cir. 2000); *Graham v. John Deere Co.*, 383 U.S. 1 (1966).

D.      Whether Teva has shown by clear and convincing evidence that the '932 patent would have been obvious to one of ordinary skill in the art at the time the invention was made. 35 U.S.C. § 103(a). *Brown & Williamson Tobacco Corp. v. Philip Morris Inc.*, 229 F.3d 1120 (Fed. Cir. 2000); *Graham v. John Deere Co.*, 383 U.S. 1 (1966).

*       *       *

If any statement included herein as an issue of law properly should be considered an issue of fact, it should be so considered.

## TEVA PHARMACEUTICALS USA, INC.'S STATEMENT OF CONTESTED ISSUES OF FACT AND LAW

### I.      ISSUES OF FACT REMAINING TO BE LITIGATED

The following issues of fact remain to be litigated in this matter:

A.      **INFRINGEMENT**

Whether Teva Pharmaceuticals USA, Inc.'s ("Teva USA") filing of ANDA 77-132 for approval to market tablets containing 35 mg of risedronate sodium infringes U.S. Patent No. 6,432,932 ("the '932 patent").

B.      **INVALIDITY BASED ON ANTICIPATION**

Whether U.S. Patent No. 5,869,471 anticipates claims 20 and 34 of U.S. Patent No. 5,994,329 ("the '329 patent").

Whether clinical trials planned and conducted by The Procter & Gamble Co. anticipate claim 6 of the '932 patent.

## C. INVALIDITY BASED ON OBVIOUSNESS

In deciding whether the asserted claims of the '329 and '932 patents are obvious in view of the prior art, the Court must make the following factual determinations:

1. The scope and content of the prior art;

2. The differences between the prior art and the inventions claimed in the '329 and '932 patents; and

3. The level of ordinary skill in the art to which the inventions pertain.

## II. ISSUES OF LAW REMAINING TO BE LITIGATED

### A. INFRINGEMENT

Whether Teva USA's submission of ANDA 77-132 infringes the '932 patent under 35 U.S.C. § 271(e)(2).

### B. INVALIDITY

#### 1. Invalidity under 35 U.S.C. § 102

Whether claims 20 and 34 of the '329 patent are invalid under 35 U.S.C. § 102 because the claimed invention was described in a printed publication either more than one year before the filing of the application for the '329 patent (35 U.S.C. § 102(b)), or before the invention thereof (35 U.S.C. § 102(a)). *In re Cruciferous Sprout Patent Litigation*, 301 F.3d 1343, 1349 (Fed. Cir. 2002); *Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1379-80 (Fed. Cir. 2001); *Atlas Powder Co. v. Ireco Inc.*, 190 F.3d 1342, 1347 (Fed. Cir. 1999); *Continental Can Co. USA, Inc. v. Monsanto Co.*, 948 F.2d 1264, 1267 (Fed. Cir. 1991); *In re Donohue*, 766 F.2d 531, 533 (Fed. Cir. 1985); *U-Fuel, Inc. (NV) v. Highland Tank & Mfg Co., Inc.*, 228 F. Supp. 2d 595, 607 (E.D. Pa. 2002); *In re '639 Patent Litigation*, 154 F. Supp. 2d 157, 172 (D. Mass. 2001).

Whether claim 6 of the '932 patent is invalid under 35 U.S.C. § 102 because the claimed invention was made by another in the United States before the patentee and not abandoned, suppressed, or concealed. 35 U.S.C. § 102(g); *Corona Cord Tire Co. v. Dovan Chem. Corp.*, 276 U.S. 358 (1928); *Monsanto Co. v. Mycogen Plant Science, Inc.*, 261 F.3d 1356, 1362 (Fed. Cir. 2001); *Sandt Technology, Ltd. v. Resco Metal and Plastics Corp.*, 264 F. 3d 1344, 1350 (Fed. Cir. 2001); *Texas Instruments Inc. v. U.S. Int'l Trade Comm'n*, 988 F.2d 1165, 1177 (Fed. Cir. 1993); *Kimberly-Clark Corp. v. Procter & Gamble Distributing Co., Inc.*, 973 F.2d 911, 915 (Fed. Cir. 1992); *New Idea Farm Equip. Corp. v. Sperry Corp.*, 916 F.2d 1561, 1566 (Fed. Cir. 1990).

### 2.     Invalidity under 35 U.S.C. § 103

Whether claims 20 and 34 of the '329 patent are invalid under 35 U.S.C. § 103 because the differences between the subject matter of the claims and the prior art are such that the subject matter as a whole would have been obvious to a person of ordinary skill in the art at the time the alleged inventions were made. *Graham v. John Deere Co.*, 383 U.S. 1, 3 (1966); *Merck & Co. v. Teva Pharmaceuticals, USA, Inc.*, 395 F.3d 1364, 1372 (Fed. Cir. 2005); *Amgen, Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1351 (Fed. Cir. 2003); *Abbott Laboratories v. Dey, L.P.*, 287 F.3d 1097, 1106 (Fed. Cir. 2002); *In re Kotzab*, 217 F.3d 1365, 1369 (Fed. Cir. 2000); *Symbol Tech., Inc., v. Opticon, Inc.*, 935 F.2d 1569, 1576-77 (Fed. Cir. 1991); *In re Dillon*, 919 F.2d 688, 692 (Fed. Cir. 1990) (*en banc*); *In re Merck & Co.*, 800 F.2d 1091, 1097 (Fed. Cir. 1986).

Whether claim 6 of the '932 patent is invalid under 35 U.S.C. § 103 because the differences between the subject matter of the claim and the prior art are such that the subject matter as a whole would have been obvious to a person of ordinary skill in the art at the time the

6

alleged inventions were made.    *Graham*, 383 U.S. at 3; *Merck & Co.*, 395 F.3d at 1372; *Amgen, Inc.*, 314 F.3d at 1351; *Abbott Laboratories*, 287 F.3d at 1106; *In re Kotzab*, 217 F.3d at 1369; *Symbol Tech., Inc.*, 935 F.2d at 1576-77; *In re Dillon*, 919 F.2d at 692*; In re Merck & Co.*, 800 F.2d at 1097.